**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TENPEARLS, LLC,** | § | |
| | § | **CIVIL ACTION NO. 4:22-cv-550-SDJ** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MEDULLA INTERNATIONAL, LLC,** | § | |
| **D/B/A TASTEBUDDY** | § | |
| | § | |
| **Defendant.** | § | |

_____

**PLAINTIFF'S MOTION FOR RENDITION OF DEFAULT JUDGMENT**
_____

**TO THE JUDGE OF SAID COURT:**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff TenPearls, LLC ("Plaintiff" or "TenPearls") moves the Court to render default judgment against Defendant Medulla Internation, LLC, d/b/a Tastebuddy ("Defendant" or "Tastebuddy") and would respectfully show the Court as follows:

1.    On December 7, 2022, the Clerk entered Tastebuddy's default into the record pursuant to Federal Rule of Civil Procedure 55(a) (Doc 21). Now, the Court should render default judgment against Tastebuddy, pursuant to Federal Rule of Civil Procedure 55(b)(2) because the facts admitted from the Complaint establish TenPearls's right to the relief sought. Accordingly, TenPearls respectfully requests the Court render default judgment against Tastebuddy and declare that TenPearls is entitled to (a) recovery of $230,130.41 in outstanding payments due and owing to TenPearls, (b) preliminary and permanent injunction enjoining Tastebuddy's continued use of the intellectual property rights and/or licenses otherwise granted by TenPearls, (c) its litigation

expenses and costs, including but not limited to his reasonable and necessary attorneys' fees, costs, and expert fees; and (d) such other and further relief, both general and special, at law and in equity, to which TenPearls may show himself justly entitled.

2.      On November 30, 2022, the Court Ordered (Doc. 19) Plaintiff TenPearls, LLC to (1) Request the Clerk of Court's entry of default not later than December 7, 2022, and (2) Advise whether it is still seeking the injunctive relief requested in its Motion for Temporary Restraining Order and Preliminary Injunction (Doc 12), not later than December 7, 2022. TenPearls complied with this order on December 6, 2022, when it filed its Request for Entry of Default (Doc 20) which additionally advised that TenPearls is still seeking the injunctive relief requested in its Motion for Temporary Restraining Order and Preliminary Injunction (Doc 12, ¶ 2). Following this Request, the Clerk entered Tastebuddy's default into the record on December 7, 2022 (Doc 21).

3.      Tastebuddy has not appeared in this action and, therefore, is not entitled to notice of this Motion. *See* Fed. R. Civ. P. 5(a) (2) ("No service is required on a party who is in default for failing to appear."). Nevertheless, a copy of this motion is being sent by certified mail to Tastebuddy at the last known address of its registered agent Christian Medula, Medulla International, LLC d/b/a Tastebuddy, LLC, 917 Violet Way, Celina, Texas 75009.

## I.
## TENPEARLS IS ENTITLED TO DEFAULT JUDGMENT

4.      TenPearls is entitled to default judgment against Tastebuddy pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. "The Fifth Circuit looks to the following six factors when considering whether to enter default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the

harshness of a default judgment; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think itself obligated to set aside the default on the defendant's motion. *Chevron Intellectual Property, L.L.C. v. Allen*, 2009 U.S. Dist. LEXIS 74751, *5 (N.D. Tex. Aug. 24, 2009) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Here, the factors weigh in favor of granting default judgment against Tastebuddy.

5.    Tastebuddy's responsive pleading was due on August 1, 2022, more than two-weeks before this Motion was filed, so there can be no contention that the failure to respond was the result of a good faith mistake or excusable neglect.  In fact, Tastebuddy acknowledged service of the Complaint and attempted to seek an extension of its responsive pleading deadline (Doc. 9) but the Court properly struck the request because it was filed *pro se*, which is not permitted for a corporate entity (Doc. 10).  On October 12, 2022, the Court ordered Tastebuddy to obtain counsel no later than November 2, 2022 (Doc. 18), and the Court cautioned that the failure to do so may result in an entry of default against Tastebuddy (Doc. 18 at 3). Tastebuddy failed to obtain counsel by the deadline, and the Court Ordered TenPearls to Request Entry of Default against Tastebuddy from the Clerk (Doc 19). On December 6, 2022, TenPearls filed its Request for Entry of Default against Tastebuddy (Doc 20). On December 7, 2022, the Clerk entered Tastebuddy's default into the record (Doc 21).

6.    As set forth herein, the grounds for the default judgment are clearly established, and there are no material issues of fact in dispute as this matter simply requires applying the terms of the Professional Services Agreement ("PSA") between TenPearls and Tastebuddy to the allegations set out in the Complaint.  Through the Complaint, TenPearls has established the basis for declaratory judgment against Tastebuddy. The Complaint includes the following allegations, which Tastebuddy has admitted through its default:

a. On or about April 16, 2021, TenPearls entered into a Professional Services Agreement ("PSA") with Tastebuddy, an online connection tool that helps buyers and sellers of food items to connect and sell/purchase items for shipping and delivery. The PSA provided for negotiation of services ("Services") and deliverables ("Deliverables") to be provided by TenPearls to Tastebuddy, pursuant to Statements of Work ("SOW").

b. the PSA required that Tastebuddy remit payment within thirty (30) days after the date of an invoice unless stated otherwise in an applicable SOW.

c. The rights and/or licenses granted to Tastebuddy were contingent upon full and final payment of all compensation due to TenPearls.

d. From October 2021 through March 2022, TenPearls issued invoices to Tastebuddy totaling $261,393.42.

e. The invoices were not paid by Tastebuddy within 30 days after the payment due date, TenPearls assessed a 1.5% monthly interest, pursuant to Section 3 of the PSA. In turn, $8,736.99 of interest charges are due to TenPearls, in addition to the $221,393.42, giving a total overdue amount of $230,130.41.

f. To date, the $230,130.41[1] remains due and owing by Tastebuddy.

g. Tastebuddy continues to use the intellectual property provided by TenPearls without remuneration of the balances owed to TenPearls.

7. Consequently, the admitted facts establish that Tastebuddy is in breach of the terms of the PSA with TenPearls. Therefore, TenPearls is entitled to a judgment in its favor establishing that it is entitled to recovery of $230,130.41 and permanent injunction enjoining Tastebuddy's continued use of the intellectual property rights and/or licenses otherwise granted by TenPearls.

8. It is undisputed that Tastebuddy is in breach of the terms of the PSA. Consequently, TenPearls requests the Court exert its authority to render a default judgment in this case against Tastebuddy.

---

[1] See attached Exhibit A, Declaration of Asher Epstein attached as Exhibit A herein, as well as Exhibit A to Plaintiff's First Amended Complaint.

## II.
## CONCLUSION AND PRAYER

12.     In summary, TenPearls respectfully requests that judgment be entered in its favor for (a) recovery of $230,130.41 in outstanding payments due and owing to TenPearls, (b) preliminary and permanent injunction enjoining Tastebuddy's continued use of the intellectual property rights and/or licenses otherwise granted by TenPearls, (c) its litigation expenses and costs, including but not limited to his reasonable and necessary attorneys' fees, costs, and expert fees; and (d) such other and further relief, both general and special, at law and in equity, to which TenPearls may show himself justly entitled.

Date:  January 5, 2023                              Respectfully submitted,


By:      */s/ Mark R. Lankford*
         Jillian J. Keith
         Texas Bar No. 24013671
         Jillian.Keith@wilsonelser.com
         Mark R. Lankford
         Texas Bar No. 24100134
         Mark.Lankford@wilsonelser.com
         **WILSON ELSER MOSKOWITZ
         EDELMAN & DICKER LLP**
         901 Main Street, Suite 4800
         Dallas, Texas 75202
         Tel: (214) 698-8000
         Fax: (214) 698-1101

         **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7(i), the undersigned certifies that it was not possible to confer with counsel for Medulla International, LLC, d/b/a Tastebuddy, as it has not entered an appearance in this matter.

*/s/ Mark R. Lankford*
Mark R. Lankford

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2023, I electronically filed the foregoing document(s) with the Clerk of the U.S. District Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. In addition, a copy of the foregoing document(s) are being served by certified mail to the last known address of Defendant's registered agent, Christian Medulla, Medulla International, LLC d/b/a Tastebuddy, LLC, 917 Violet Way, Celina, Texas 75009.

By:    */s/ Mark R. Lankford*
Mark R. Lankford